UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Liberty Mutual Insurance Co.
175 Berkeley Street
Boston, MA 02116

      Plaintiff,

v.

Kohler Co.
444 Highland Drive
Kohler, WI 53044

      Defendants

**COMPLAINT**

Case No.: _____

## INTRODUCTION

Plaintiff, Liberty Mutual Insurance Co. ("Liberty"), for its Complaint against Kohler Co. ("Kohler"), states and alleges as follows:

## FACTUAL BACKGROUND

1. Liberty is a Massachusetts insurance corporation with a principal place of business located at 175 Berkeley Street, Boston, MA 02116.

2. Kohler is a Wisconsin corporation with a principal place of business located at 444 Highland Drive, Kohler, WI 53044.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because the controversy is between citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court under 28 U.S.C. § 1391(a). Defendant is a resident of and does substantial business in this judicial district.

1

## I. Kohler Purchases a Retrospectively Rated Worker's Compensation and Employer Liability Policy.

5. Kohler obtained worker's compensation and employer liability insurance coverage from Liberty pursuant to Commercial Policy No. WC2-141-046505-129 (the "Policy").

6. The Policy covered the period beginning March 1, 1989 to March 1, 1990.

7. The Policy provided Kohler with employer's liability coverage for claims arising out the State of West Virginia.

8. Under the Policy, Kohler chose to have its premiums calculated and paid on a retrospectively rated basis.

9. With a retrospective rating plan, the insured agrees to pay premiums based primarily on the incurred losses that arise during the policy period. A retrospective rating plan can be financially advantageous to an insured from a cash flow and an ultimate cost perspective if claim activity is favorable during the policy period. The risk associated with a retrospective rating plan, however, is the potential for worse than expected losses during a policy period, thereby requiring the insured to pay a higher premium than the premium that would have been charged under a non-retrospectively rated policy arrangement.

10. Under the retrospective rating arrangement, Liberty calculated and billed Kohler's premiums based upon the actual loss payments already made by Liberty at each annual premium adjustment, plus an estimate of reserves needed, if any, to cover future payments associated with those losses. Kohler paid its premiums based on this arrangement for many years.

## II. The Gallagher Claim Settlement.

11. In 2010, Aloysius Gallagher ("Gallagher") commenced suit against Kohler and its subsidiary, Sterling Faucet Company, in West Virginia, captioned as *Gallagher, et al. v. Sterling*

*Faucet Co., et al.*, Kanawha County Circuit Court (Case No. 10-CV-47) (the "Gallagher Lawsuit").

12. Gallagher's alleged claims arose during the Policy period of March 1, 1989 to March 1, 1990.

13. On or about February 11, 2014, and nearly four (4) years after commencement of the Gallagher Lawsuit, Kohler sought to exercise its rights under the Policy and tendered the defense and indemnity of the Gallagher Lawsuit to Liberty.

14. Liberty denied coverage and refused to accept the defense and indemnity obligations under the Policy due to the prejudice caused by Kohler's nearly four (4) year delay in tendering the Gallagher Lawsuit to Liberty under the Policy.

15. After discussion among the parties and their counsel, the parties entered into a Settlement Agreement and Release dated May 23, 2014 (the "Agreement"), a true and correct copy of which is attached hereto as Exhibit A.

16. Pursuant to the Agreement, Liberty paid Kohler $117,500.00 towards the defense and indemnity of the Gallagher Lawsuit.

17. Under the recitals section of the Agreement, the parties acknowledged their agreement "to settle and resolve all claims and issues between them that relate in any way to **the issue of insurance coverage, defense and indemnity**, for the claims, damages and costs incurred pertaining to the Gallagher lawsuit, including defense costs." (emphasis added)

18. Pursuant to Section 1 of the Agreement, Kohler released Liberty for claims "arising out of, or relating in any way to **insurance coverage, defense and indemnity**, for the claims, damages and costs incurred pertaining to the Gallagher Lawsuit, including defense costs." (emphasis added).

19. Liberty did not release Kohler from any claims, including claims for the payment of

3

premiums to be billed under the Policy.

20. Pursuant to Section 2 of the Agreement, Kohler acknowledged reading the entire Agreement, that the Agreement was binding regardless of any knowledge or lack of knowledge as it related to any future rights or conditions, and that Kohler had been advised by its own counsel.

21. The Agreement neither released, nor did it affect Liberty's right to calculate, bill and seek payment from Kohler for premiums due and owing under the Policy.

### III. The Gallagher Settlement Triggered a Retrospective Rating Plan Premium Billing under the Policy.

22. The Gallagher Lawsuit and loss payment by Liberty under the Agreement triggered a retrospective premium adjustment under the Policy.

23. Liberty calculated and billed Kohler for the premium owed on a retrospectively rated basis, inclusive of the $117,500.00 payment toward the defense and indemnification of the Gallagher Lawsuit plus Liberty's twenty eight percent (28%) variable expense, as provided by the Policy.

24. Liberty sent its billing to Kohler requesting payment of the retrospective premium owed.

25. Kohler paid Liberty $325.00 towards the retrospective premium owed. Despite due demand, Kohler refused to pay the remainder of the premium balance in the amount of $151,300.00, asserting that the Agreement prohibited Liberty from seeking payment from Kohler for the remaining premium owed under the Policy.

26. The total amount due and owing Liberty from Kohler for the premium owed is $151,300.00.

## COUNT I
## Breach of Contract

27. Liberty restates its previous allegations and incorporates them herein by reference.

28. Under the Policy, and pursuant to the parties' course of performance, Liberty calculated and billed Kohler's premiums based on the incurred loss retrospective rating plan. Other than with respect to the amount now in controversy, Kohler paid the premiums based on the incurred loss retrospective rating plan without objection.

29. The Agreement attached as Exhibit A neither mentions, nor does it release or prohibit Liberty from exercising its rights under the Policy, including the right and ability to calculate, bill and obtain payment for retrospective premiums owed under the Policy.

30. Kohler's failure to pay Liberty the premium owed in the total amount of $151,300.00 constitutes a breach of contract.

31. Due to this breach, Liberty has been damaged in the amount of $151,300.00.

## COUNT II
## Account Stated

32. Liberty restates its previous allegations and incorporates them herein by reference.

33. During the term of the Policy and the parties' course of performance, Liberty presented Kohler with premium billings, including billings for the current premium owed in the amount of $151,300.00.

34. The premium billings represent an account stated which Kohler refused and continue to refuse to pay.

35. Due to Kohler's failure to pay the account stated, Liberty has been damaged in the amount of $151,300.00.

WHEREFORE, Liberty requests relief from this Court as follows:

a. On Counts I and II, an Order for judgment in favor of Liberty and against Kohler in the amount of $151,300.00, together with pre-judgment and post-judgment interest and taxable costs and disbursements; and

b. An Order awarding any further relief deemed equitable and just by this court.

DATED: September 23, 2015.

**BOARDMAN & CLARK, LLP**
By

*/s/ Catherine M. Rottier*
Catherine M. Rottier (WI#1016342)
crottier@boardmanclark.com
Evan B. Tenebruso (WI#1085063)
etenebruso@boardmanclark.com

1 South Pinckney Street
Fourth Floor
P.O. Box 927
Madison, WI 53701-0927
608-257-9521

IN ASSOCIATION WITH:

**KALINA, WILLS, GISVOLD & CLARK, P.L.L.P.**
James R. Crassweller (MN #19690)
crassweller@kwgc-law.com
Jason E. Engkjer (MN #318814)
engkjer@kwgc-law.com
Attorneys for Plaintiff
6160 Summit Drive, #560
Minneapolis, Minnesota 55430
Tel: (612) 789-9000 / Fax: (763) 503-7070
*Attorneys for Plaintiff*